# Metropolitan Life Insurance Co. *v.* McCray.

*Action on Policy.*

(Decided June 10, 1908.    47 South. 65.)

1. *Insurance; Action on Policy; Plea.*—A plea to an action on an insurance policy, which asserts that on the face of the policy it was provided that in case of the death of the insured the company might pay the amount due to the beneficiary named, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expenses on behalf of the insured, or for her burial, and that the production of a receipt signed by either of such persons should be conclusive evidence that all claims under said policy had been satisfied, and that the defendant company had paid the amount due on the policy to the husband of the insured, and held a receipt signed by him, was not demurrable for a failure to aver that the beneficiary, the plaintiff, had consented to be replaced by another beneficiary.

2. *Same; Change of Beneficiary; Validity.*—If in fact insured signed a request to the insurer to change the beneficiary named in the policy, it was immaterial that she signed the same upon a sick bed or elsewhere.

3. *Witnesses; Impeachment; Collateral Matters.*—A witness may not be impeached on a predicate laid as to collateral matter, or immaterial issues.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Lucy McCray against the Metropolitan Life Insurance Company on an insurance policy on the

life of Eva McCray. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Defendant filed the following pleas: "(4) Defendant avers that on the face of said policy it was provided that in case of the death of the insured the company may pay the amount due on the policy to the beneficiary named above, or to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to same by reason of having incurred expense on behalf of the insured or for his or her burial, and the production of a receipt signed by either of said persons shall be conclusive evidence that all claims under this policy have been satisfied. Defendant avers that on, towit, December 28, 1905, it paid to Mike A. King, the husband of insured, the amount due on said policy, and holds a receipt signed by said King for said amount."

Demurrers were filed as follows: "The plea does not aver that the plaintiff, who was the original beneficiary in said policy, ever consented for any other beneficiary to replace her in said policy or to become entitled to her interest as beneficiary in said policy. It appears in said plea that the amount due on said policy was paid to one Mike King without any authority from the plaintiff, who was the beneficiary under said policy, and for that the payment of said amount to said Mike King as the amount due on said policy was a null and void settlement of said policy in so far as plaintiff was concerned, because it was not authorized in any way by her, as shown on the face of the plea, but was an adjustment of her rights and interest in said policy on an alleged authority in said policy, combined with an alleged notice from insured, without the consent of the beneficiary."

[Metropolitan Life Insurance Co. v. McCray.]

DENSON & DENSON, for appellant. The court erred in sustaining demurrer to the defendant's fourth plea. The matters set up therein was a condition of the contract, and the beneficiary's right is subject to it.—*Hopkins v. Hopkins,* 17 S. W. 864; *Mutual L. Ins. Co. v. Twyman,* 92 Ala. 325; *Metropolitan L. Ins. Co. v. Schaffer,* 11 Atl. 154; *Thomas v. Prudential I. Co.,* 63 N. E. 795. A witness may not be impeached on irrelevant or collateral matter.—*Kelly v. L. & N.,* 41 South. 870.

CHARLES DENEGRE, for appellee. No brief came to the Reporter.

DOWDELL, J.—Whatever may be the infirmities of the defendant's fourth plea, it was not subject to any of the grounds of the demurrer specified, and therefore the plaintiff's demurrer to this plea should have been overruled.

It is not competent to impeach a witness upon a predicate laid as to immaterial matter. It was wholly immaterial whether the notice and request of the assured to the defendant company to change the name of the beneficiary in the policy was signed upon her sickbed or elsewhere, if she in fact did sign the same.

There was evidence tending to show that the name of the beneficiary in the policy had been changed at the request of the insured according to the terms of the policy, and under the issues in the case it was permissible for the defendant to show that the insurance had been paid to the substituted beneficiary.

For the error indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.